HEARD NOVEMBER TERM, 1874.

## CHERRY VS. McCANTS.

In an action for malicious prosecution before a Trial Justice, the contents of the record cannot be given in evidence without proof of the loss of the original.

The book of a Trial Justice, which he is required by law to keep, is the highest and best evidence of proceedings had before him, either in criminal or civil cases.

A Judge's order allowing a copy of the record before an action for malicious prosecution can be maintained is not necessary where the proceeding was for petty larceny, which is a misdemeanor.

BEFORE GRAHAM, J., AT CHARLESTON, FEBRUARY TERM, 1874.

This was an action by Francis Cherry for malicious prosecution in a trial for "petty larceny" before a Trial Justice, in which the plaintiff had been acquitted.

At the trial, the Trial Justice before whom the prosecution for petty larceny had been had, one Bolger and the plaintiff himself were examined as witnesses for the plaintiff. Bolger testified that a paper which he produced was a copy of the affidavit on which the prosecution before the Trial Justice was commenced, and was made by him in the office of plaintiff's attorney from the original which had been loaned to the plaintiff's attorney by the Trial Justice. The Trial Justice testified that he had issued a warrant for the arrest of the plaintiff, founded on the affidavit of the defendant; that the plaintiff was arrested and brought before him on a charge of stealing "five watermelons from the defendant," and that he was tried before him and a jury and acquitted. This testimony was objected to by the defendant on the ground that it was secondary evidence; that the record itself should have been produced, or its loss accounted for, which had not been done; and, also, on the ground. that no order of the Trial Justice allowing a copy of the record had been produced. His Honor overruled the objection, and the defendants excepted.

The defendant then moved for a "nonsuit" on the ground:

1st. Because the record had not been proved; and, 2d. Because the plaintiff had failed to shew a "*prima facie*" want of probable cause.

The motion was overruled, and, the case having been submitted to the jury, they found a verdict for the plaintiff for $2,000.

The defendant appealed.

*McCrady & Son*, for appellant.

*Duryea & Cohen*, contra.

April 20, 1875. The opinion of the Court was delivered by

WRIGHT, A. J. To sustain an action for malicious prosecution, it is necessary that the proceedings of the Court in which the prosecution was had should be proved on the trial, either by the production of them or by a copy in a properly authenticated form. In the case in hand there was no such proof, and it was proposed to substitute it by evidence of the loss of the original papers by a a copy of the affidavit made by a clerk in the office of the attorneys for the plaintiff. This was objected to on the part of the defense, but allowed by the presiding Judge, and is brought to this

Court as one of the grounds of error on which the motion before us is made. It is properly taken, and a new trial must be granted. There was no proof of the loss. As far as we can gather from the brief, not a particle of testimony was offered to show that any search was made for the original or that a single step had been taken with a view to their recovery. Their production is necessary in a case of this character to show not only that such a prosecution as is charged in the complaint had legally existed, but that it had been determined, and the manner of its determination. In the second place, if the proof of the loss had been sufficient, there was higher evidence than the recollection of the Trial Justice, and this should have been resorted to. By Section 41 of Chapter XXV of the General Statutes, each Trial Justice is required to keep two books, one for civil and the other for criminal cases, in which he shall insert all his proceedings in each by its title, and at the expiration of his term he shall deposit the same in the office of the Clerk of the Court for the County in which he was appointed. As the "commencement, progress and termination" of every criminal case must be entered in the book to be kept for that purpose, its production would have been higher evidence than the mere memory of the Trial Justice, who, as far as it appeared, had not even refreshed it by a reference to his book. As the Court of a Trial Justice has no clerk, and as he himself is the keeper of the papers connected with his office not required to be turned over to the Solicitor for the Circuit in which he resides for further action, to put at rest all doubts as to the mode in which the proceedings in his Court may be offered in evidence in any of the Courts where proof of such proceedings may be competent, we are prepared to say that his book so required by law to be kept, either relating to criminal or civil business had before him, as the case may be, shall be sufficient. The provision requiring that such book shall be kept is in language identical with Section 5 of the Act of 1839.— 11 Stat., 14. In the case of *Etters* vs. *Etters*, (11 Rich., 415,) it was held that "the Magistrate's book and judgment therein is a *quasi* record, and must be adduced and proved to authorize the execution." If competent to prove a judgment, it should be adequate to prove any judicial proceeding before him. The objection " that the plaintiff should not have been allowed to proceed without producing the order of the Judge who tried the prosecution granting a copy of the record," cannot prevail. This is taken in

the view submitted by the counsel for the appellant, "that petit larceny is a felony in this State." This is clearly a misapprehension, as will be readily perceived by reference to Section 12 of Chapter CXXIX of the General Statutes, p. 416. Nor have Trial Justices any jurisdiction in cases of felony, except to "examine into them, and bind over or commit for trial in the General Sessions those who appear to be guilty of offenses not within their jurisdiction."—Gen. Stat., Chap. XXV, § 15. By Section 12 of the same Chapter, he has no jurisdiction in matters of larceny where the value of the article charged to be stolen exceeds twenty dollars in value. The rule in regard to the order of the Judge for a copy of the indictment has no application to a trial before a Trial Justice.

The prosecution there is commenced, not by an indictment, but an information under oath, setting forth the offense charged. Besides it does not apply even in the Court of Sessions to cases of misdemeanor.—*Mims* vs. *Burty*, 2 Hill Ch., 303; *Burton* vs. *Watkins*, 2 Hill, 674. We cannot say "that the plaintiff on the trial introduced no evidence sufficient to entitle him to go to the jury," as is submitted by the sixth ground. In *Lifford and wife* vs. *McColhom*, (1 Hill, 82,) it is said: "What is probable cause is a question of law for the Court. If there is any evidence of it, the case should go the jury; otherwise it is the duty of the Court to order a nonsuit."

Where a matter is so much in the legal discretion of the presid-
The Board of County Canvassers is the primary body, and the ing Judge, we would not feel justified in interfering, unless there was manifest error. What effect the warrant may have on the case by the use in it of the phrase "feloniously," we are not called on now to determine. No such objection was made in the Court below, either in the pleadings or on the trial. As the motion for a new trial must be granted on the ground herein referred to, a consideration of the grounds not noticed is not necessary.

New trial ordered.

*Moses*, C. J., and *Willard*, A. J., concurred.